UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

**REMAND/MADE JS-6**

| Case No. | CV 08-6849 GW (VBKx) | Date | December 5, 2008 |
|---|---|---|---|
| Title | *Lyona Davis v. Candice Rasche, et al* | | |

| Present: The Honorable | **GEORGE H. WU, United States District Judge** |
|---|---|

| Javier Gonzalez | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**   (IN CHAMBERS): **Order Remanding Action to State Court**

*Pro se* plaintiff Lyona Davis ("Plaintiff")[1] removed this action (originally filed on June 1, 2005) from the Los Angeles County Superior Court on October 21, 2008.  Plaintiff's removal is improper.  A plaintiff may not remove an action from a state court.  *See Progressive West Ins. Co. v. Preciado*, 479 F.3d 1014, 1017 (9th Cir. 2007); 28 U.S.C. §§ 1441(a), 1446(a).  In addition, Plaintiff has identified no basis – diversity jurisdiction, federal question jurisdiction, or otherwise – for even a remote possibility of subject matter jurisdiction herein.  Apparently, according to the caption of Plaintiff's Notice of Removal, she removed the case because she felt that she "will not receive a fair trial in Long Beach courts because she is an African American."  Where the defect in removal is jurisdictional, there is no time limit on the Court's obligation – not discretion – to remand.  *See, e.g.*, *Maniar v. FDIC*, 979 F.2d 782, 785 (9th Cir. 1992); 28 U.S.C. § 1447(c).

Even if there were a possibility for subject matter jurisdiction herein, because Plaintiff may not herself seek a removal of an action she herself filed, there is no need for the Court to set an Order to Show Cause proceeding to permit Plaintiff to assert a colorable claim over which this Court might exercise jurisdiction.  The action is therefore remanded.  *See* Schwarzer, Tashima, et al., California Practice Guide: Federal Civil Procedure Before Trial (2008) § 2:1092, at 2D-216 ("If lack of subject matter jurisdiction is clear, remand apparently may be ordered *sua sponte* even without permitting counsel to brief or argue the case."); *cf. Wilson v. Union Sec. Life Ins. Co.*, 250 F.Supp.2d 1260, 1263 n.4 (D. Id. 2003) ("[W]here, as here, a defendant fails to provide any factual support or evidence to support removal, the Court may summarily remand the action.").  *But see cf. Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) (holding that district court not permitted to *sua sponte* remand for non-jurisdictional defect in procedure).

---

[1] Plaintiff's "Notice of Removal of State Case NC 037053 Now Pending in the Superior Court of California, Long Beach Judicial District" inconsistently identifies her as both the plaintiff and the defendant in this action.  Although there appears to have been a related unlawful detainer action brought against Plaintiff shortly after she filed the instant action in state court, Plaintiff indisputably filed the case she is now seeking to remove.  This Order therefore treats her – as she should be treated – as the plaintiff in this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

**REMAND/MADE JS-6**


The Court further orders the Court Clerk promptly to serve this order on all parties.




Deputy Clerk ____JG_____